**Order entered March 27, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01268-CR

### JENNIFER FOLEY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 26th Judicial District Court**
**Williamson County, Texas**
**Trial Court Cause No. 14-0094-K26**

## ORDER

Before the Court is appellant's March 26, 2019 motion for abatement. On February 11, 2019, a supplemental clerk's record was filed containing the trial court's order finding appellant indigent and ordering the appellate record furnished without cost. On February 14, 2019, we ordered Official Court Reporter Cindy Kocher to file the complete reporter's record in this appeal by March 7, 2019. When the reporter's record was not filed, on March 22, 2019 we ordered Ms. Kocher to file the reporter's record by April 1, 2019. By letter dated March 26, 2019, Ms. Kocher notified the Court that the reporter's record has not been filed because of a dispute over missing or lost exhibits.

In her motion, appellant reports that a visiting court reporter, Brenna Short, has misplaced exhibits admitted into evidence, the exhibits cannot be located, and the parties have been unable

to agree upon replacement copies for the exhibits. Appellant requests an abatement so that the trial court can conduct a hearing to determine whether the missing exhibits can be replaced with duplicate copies.

We **GRANT** appellant's motion for abatement. We **ORDER** the trial court to determine whether the exhibits introduced and admitted into evidence before the trial court have been lost or destroyed. If the trial court determines that the exhibits have been lost or destroyed, the trial court shall determine whether the exhibits can be reconstructed and replaced by agreement of the parties. If the parties cannot agree, the trial court is directed to determine what constitutes an accurate copy of the exhibits and order that the exhibits be included in the complete reporter's record.

In the event that the trial court determines that the exhibits are lost and cannot be reconstructed by agreement of the parties or by the trial court determining what constitutes an accurate copy of the exhibits, the trial court shall make findings of fact regarding (1) whether appellant timely requested a reporter's record; (2) if without appellant's fault, significant exhibits have been lost or destroyed; and (3) whether the exhibits are necessary to the appeal's resolution.

We **ORDER** the trial court to transmit to this Court, within **THIRTY DAYS** of the date of this order, a record containing its written findings of fact, any supporting documentation, and, if applicable, the exhibits it has determined are accurate copies of the exhibits introduced and admitted at trial. A new deadline for the filing of the reporter's record will be established upon reinstatement of the appeal.

We **DIRECT** the Clerk to send copies of this order to the Honorable Donna King, Presiding Judge, 26th Judicial District Court; court reporter Cindy Kocher; and to counsel for the parties.

We **ABATE** the appeal to allow the trial court to comply with this order. The appeal shall be reinstated when the findings are received or at such other time as the Court deems appropriate.

/s/ LANA MYERS
   JUSTICE